IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FREDERICK Q. HACKNEY, Jr., ) <br> #0134698, ) <br>   ) <br>   Plaintiff, ) <br>   ) <br> vs.   ) <br>   ) <br> U.S. MARSHALS SERVICE, ) <br> JAROD PETERS, ) <br> C/O MIDDENDORF, ) <br> C/O GEISEN, and ) <br> RANDOLPH COUNTY JAIL, ) <br>   ) <br>   Defendants. ) | Case No. 20-cv-00015-JPG |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Frederick Hackney, Jr., a federal inmate confined at Randolph County Jail ("Jail") in Chester, Illinois, brings this action pursuant to 42 U.S.C. § 1983[1] and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80. (Doc. 1). In the Complaint, Plaintiff claims that the Defendants failed to protect him from two inmate assaults that occurred at the Jail in November 2019. (*Id*. at pp. 1-10). He brings an Eighth Amendment deliberate indifference claim against the individual officers and an FTCA claim against the U.S. Marshals Service. (*Id*.). He also names the Jail in connection with his claims. (*Id*.). Plaintiff seeks monetary relief. (*Id*. at p. 11).

The Complaint is subject to review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief,

---

[1] Although Plaintiff set forth allegations suggesting that he was a detainee on a federal holdover during his detention at Randolph County Jail, he correctly brought this action pursuant to 42 U.S.C. § 1983 because he asserts claims for constitutional deprivations against employees of the Jail, who are considered state actors. *Belbachir v. County of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013).

1

or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

Plaintiff makes the following allegations in the Complaint: During his detention at the Jail, Plaintiff was attacked twice by two federal detainees. (Doc. 1, pp. 6-9). On November 11, 2019, Inmates Jackson and Blake slapped Plaintiff in the face, knocked him to the ground, and kicked him repeatedly. Plaintiff reported the attack to Officer Geisen and Woods[2] and asked for a transfer from the cell block. Officer Geisen denied his request and placed the entire cell block on lockdown. The following morning, Plaintiff reported the attack to Jail Administrator Jarod Peters, who removed Inmates Jackson and Blake from the cell block and "gave [Plaintiff] his word" that they would never be housed near one another again. (*Id.*).

On November 21, 2019, Jail Administrator Peters and Officer Middendorf returned Inmates Jackson and Blake to the cell block. Inmate Jackson repeatedly warned the officers that he had "problems" being placed in the cell block with Plaintiff. While Officer Middendorf sat monitoring the cell block the same day, Inmate Jackson approached Plaintiff and threatened him in front of the officer. When Plaintiff asked Officer Middendorf to "please" do something about the placement arrangement, the officer simply shook his head and grinned at Plaintiff. Soon thereafter, Inmate Jackson attacked Plaintiff as Officer Middendorf stood watching. Plaintiff was transported to Memorial Hospital and diagnosed with three nose fractures and eye damage. (*Id.*).

---

[2] Plaintiff did not name Officer Woods as a defendant in the case caption or list of defendants. Absent any indication that Plaintiff intended to bring a claim against this individual, the Court declines to treat Officer Woods as a defendant in this action. All claims against this individual are considered dismissed without prejudice. See also *Cash v. Marion County Jail*, 211 F. App'x 486, 488 (7th Cir. 2006) ("[E]ven a pro se prisoner's complaint must comply with FED. R. CIV. P. 10(a) and include the names of all parties in the title of the action.").

Based on the allegations, the Court finds it convenient to designate the following two (2) claims in the *pro se* Complaint:

**Count 1:** Eighth Amendment claim against Defendants for failing to protect Plaintiff from inmate assaults that occurred at the Jail in November 2019.

**Count 2:** FTCA claim against the U.S. Marshals Service for the negligent or wrongful conduct of the Randolph County officers who failed to protect Plaintiff from the inmate assaults that occurred at the Jail in November 2019.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

### Discussion

### Preliminary Dismissal

Randolph County Jail is named as a defendant in the case caption of the Complaint, but the Jail is not a person subject to suit under 42 U.S.C. § 1983. Federal Rule of Civil Procedure 17(b) requires that the defendant in a federal lawsuit be an established entity. Federal courts look to state law when determining whether an entity has the legal capacity to be sued under Rule 17(b). In Illinois, the defendant must have a legal existence. *Jackson v. Village of Rosemont*, 536 N.E.2d 720, 723 (Ill. App. 1988). However, Illinois courts have not recognized sheriff's offices, police departments, or jails as legal entities. *West by and through Norris v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997); *Magnuson v. Cassarella*, 812 F. Supp. 2d 824, 827 (N.D. Ill. 1992). Randolph County Jail shall therefore be dismissed with prejudice from this action.

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Count 1**

Plaintiff invokes the Eighth Amendment in support of his claim against the defendants. The Eighth Amendment prohibits the cruel and unusual punishment of convicted persons[4] and imposes a duty on prison officials to take reasonable measures to protect inmates from violence at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). To state a claim based on the failure to protect an inmate, a plaintiff must show that he was incarcerated under conditions posing a substantial risk of serious harm to his health or safety, and that the defendants acted with deliberate indifference to that danger. *Id*. This typically requires a plaintiff to identify a specific, impending and substantial threat to his safety that the defendants disregarded. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).

Plaintiff identifies two inmate attacks that occurred in November 2019. The first attack (occurring on November 11, 2019) does not support a claim against the defendants. Plaintiff set forth no allegations suggesting that any of the defendants had knowledge of the substantial risk of harm posed by Inmates Jackson or Blake prior to the first attack. Therefore, none of the defendants could have acted to prevent it. The second attack (occurring on November 21, 2019) supports a claim against Defendants Geisen, Peters, and Middendorf. All three individuals were put on notice of the first attack and deliberately disregarded the risk of a second attack when Geisen refused to separate the inmates on November 11, 2019 and Peters and Middendorf allowed the inmates to resume living together, despite the obvious danger it posed to Plaintiff, on November 21, 2019. Count 1 shall proceed against Defendants Geisen, Peters, and Middendorf. This claim shall be

---

[4] Plaintiff describes himself as a federal detainee. If he was not convicted of a crime when the events giving rise to this action occurred, this claim is not governed by the Eighth Amendment. Because the allegations support a claim against the defendants under the Eighth Amendment standard, however, the allegations also state a claim under the less demanding standards applicable to arrestees (Fourth Amendment) and pretrial detainees (Fourteenth Amendment). The exact legal standard can be sorted out as the case proceeds.

dismissed with prejudice against the U.S. Marshals Service because the agency is not a person subject to suit under Section 1983, and the doctrine of *respondeat superior* is inapplicable here.

### Count 2

The Federal Tort Claims Act ("FTCA") authorizes "civil actions on claims against the United States, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). However, the only proper defendant is the United States, and the U.S. Marshals Service cannot be named in its place. *Jackson v. Kotter*, 541 F.3d 688 (7th Cir. 2008) (citing *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006). Further, FTCA claims do not arise from the misconduct of state officials, and it appears that the officers involved in this case were employees of the Jail and considered state actors during the events giving rise to this action. Count 2 shall be dismissed with prejudice against U.S. Marshals Service for failure to state a claim upon which relief may be granted.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening. **COUNT 1** will receive further review against Defendants **GEISEN, PETERS,** and **MIDDENDORF** for the second assault (November 21, 2019) but not the first (November 11, 2019). **COUNT 1** is **DISMISSED** with prejudice against Defendant **U.S. MARSHALS SERVICE**. Further, **COUNT 2** is **DISMISSED** with prejudice against Defendant **U.S. MARSHALS SERVICE** for failure to state a claim upon which relief may be granted. Defendant **RANDOLPH COUNTY JAIL** is **DISMISSED** with prejudice because the Complaint fails to state a claim for relief against the Jail.

The Clerk of Court is **DIRECTED** to **TERMINATE** Defendants **U.S. MARSHALS SERVICE** and **RANDOLPH COUNTY JAIL** as parties in CM/ECF.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **JAROD PETERS**, **C/O MIDDENDORF**, and **C/O GEISEN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants should only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 4/22/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.